IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA.<br>    Plaintiff,<br><br>v.<br><br>OCTAVIO FLORES,<br><br>    Defendant. | Case No. 22-cv-0395-JFH-JFJ |

## OPINION AND ORDER

On September 13, 2022, the United States of America (the "Government") filed its Complaint [Dkt. No. 2] against naturalized citizen Octavio Flores ("Defendant"), alleging Defendant illegally procured his naturalization by willfully misrepresenting and concealing material facts during the naturalization process. *Id.* The Government contends that, due to Defendant's misrepresentation and concealment, Defendant's citizenship is subject to revocation. *Id.* Defendant failed to file a response to the Complaint or challenge the documents attached thereto. The Government subsequently filed a Motion for Judgment on the Pleadings ("Motion") [Dkt. No. 6] asking this Court to hold that Defendant illegally procured his naturalization, and to revoke and set aside Defendant's naturalization. For the reasons set forth herein, the Government's Motion [Dkt. No. 6] is GRANTED.

## LEGAL STANDARD

A party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) at the close of the pleadings. Fed. R. Civ. P. 12(c). Ordinarily, a Rule 12(c) motion is reviewed under the same standard that applies to motions to dismiss filed pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). *See Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223 (10th Cir. 2009). Thus, a court reviewing a Rule 12(c) motion will ordinarily "accept all

facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (citation and quotation marks omitted).  Such a motion will be granted only if the moving party "clearly establish[es] that no material issue of fact remains to be resolved and [it] is entitled to judgment as a matter of law." *Id.* (citation and quotation marks omitted).

When reviewing a Rule 12(c) motion, a court may not ordinarily consider matters outside the pleadings without treating the motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(d).  In this case, however, Defendant has not answered the Complaint, has not disputed the authenticity of the documents attached to the Complaint,[1] and has not filed a response to the Government's Motion.  Under these circumstances, it is proper for the Court to accept the Government's well-pleaded factual allegations as true and to consider the unchallenged exhibits, which are central to the Government's contentions.  *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (recognizing that a district court may "consider documents attached to or referenced in the complaint if they are central to the plaintiff's claim and the parties do not dispute the documents' authenticity" (citation and quotation marks omitted)); *Burlington N. R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996) (recognizing that a defendant who fails to submit a pleading denying the allegations of the complaint effectively admits those allegations).[2]

---

[1]  The Government has introduced the following documents:  (a) an affidavit by Special Agent Leslie M. Derewonko with Homeland Security Investigations; (b) the docket from Tulsa County District Court case number CF-2013-458 (the "State Court Case"); (c) the guilty plea entered by Defendant in the State Court Case; (d) the judgment and sentence entered in the State Court Case; (e) Defendant's naturalization application; (f) the notice to Defendant regarding his naturalization oath ceremony; and (g) Defendant's certificate of naturalization.

[2]  Exhibits B, C, D, E, and G to the Government's Complaint may be considered for the additional reason that they constitute public records subject to judicial notice.  *Johnson v. Spencer*, 950 F.3d

2

Although this matter is uncontested, the Government "carries a heavy burden of proof" when seeking to divest Defendant of his citizenship. *Fedorenko v. United States*, 449 U.S. 490, 505 (1981) (citation and quotation marks omitted). The evidence in support of revocation must be "clear, unequivocal, and convincing" with no room for doubt. *Id.* (quoting *Schneiderman v. United States*, 320 U.S. 118, 125 (1943) (internal citation and quotation marks omitted)). "Any less exacting standard would be inconsistent with the importance of the right that is at stake in a denaturalization proceeding." *Id.* at 505-06.

## BACKGROUND

Defendant Octavio Flores was born in Mexico in March 1965, and was admitted to the United States and registered as a Lawful Permanent Resident when he was twenty-seven years old. Dkt. No. 2 at 2, ¶¶ 9-10; *id.* at 67.[3] In June of 2012, Defendant completed an Application for Naturalization Form N-400 ("Application") and filed it with the Department of Homeland Security, U.S. Citizenship and Immigration Services ("USCIS"). *Id.* at 3, ¶ 16; *id.* at 66-75.

In the Application, Defendant was asked: "Have you ever committed a crime or offense for which you were not arrested?" *Id.* at 73 (emphasis omitted); *id.* at 4, ¶ 17. Defendant answered in the negative. *Id.* at 4, ¶ 18; *id.* at 73. Defendant signed the Application on or around June 3, 2012, thereby "certify[ing], under penalty of perjury under the laws of the United States of America, that [the] application, and the evidence submitted with it, are all true and correct." *Id.* at 4, ¶ 19; *id.* at 75.

---

680, 705 (10th Cir. 2020) (recognizing that a court may take judicial notice of facts that are a matter of public record without treating a Rule 12 motion as a motion for summary judgment).

[3]  All record citations refer to CMECF pagination.

3

Case 4:22-cv-00395-JFH-JFJ   Document 9 Filed in USDC ND/OK on 01/23/24   Page 4 of 11

On August 9, 2012, a USCIS officer conducted an interview to determine Defendant's eligibility for naturalization. *Id.* at 4, ¶¶ 20-21; *id.* at 75. During the interview, the officer asked Defendant whether he had ever committed a crime or offense for which he had not been arrested. *Id.* at 4, ¶ 22. Defendant, who was under oath, denied committing any such crimes or offenses. *Id.* at 4, ¶¶ 21, 23. At the end of the interview, Defendant again signed his Application, "certify[ing] under penalty of perjury under the laws of the United States of America that [he knew] that the contents of [the] application for naturalization subscribed by [him] . . . [were] true and correct to the best of [his] knowledge and belief." *Id.* at 75; *id.* at 4, ¶ 24.

Based on the information in the Application and the testimony he provided during his naturalization interview, USCIS approved Defendant's naturalization. *Id.* at 4, ¶ 25; *id.* at 66. On January 9, 2013, Defendant took the Oath of Allegiance, was admitted as a naturalized U.S. citizen, and was issued Certificate of Naturalization No. 34833622. *Id.* at 5, ¶ 32; *id.* at 78.

On or around January 31, 2013, Defendant was charged with four counts of child sexual abuse in violation of 12 Okla. Stat. § 843.5(E). *See id.* at 3, ¶ 11; *id.* at 34. Defendant entered a guilty plea with respect to all four counts, admitting that, between on or about January 1, 2009 and July 31, 2012, he knowingly and willfully engaged in the sexual abuse of a minor between the ages of ten and fourteen. *Id.* at 47. Defendant acknowledged that he was responsible for the care and custody of the minor victim when he engaged in the abuse against her. *Id.*

Defendant was convicted on each of the four counts and was sentenced to twenty-five years in custody on Count 1, with the last five years to be suspended and served while Defendant is under supervised release. The sentence on Count 1 was to run concurrently with the sentences imposed on Counts 2 through 4. *Id.* at 52. By pleading guilty, Defendant admitted that he had been engaging in the sexual abuse of a minor during the three years prior to filing his Application.

4

Defendant did not disclose the abuse in his Application, nor did he disclose it during his interview with USCIS.  Instead, Defendant twice testified—falsely—that he had not ever committed a crime or offense for which he was not arrested.  Dkt. No. 2 at 4, ¶¶ 17-18, 22; *id.* at 73.

## DISCUSSION

An individual seeking to acquire the rights of citizenship must strictly comply "with all the congressionally imposed prerequisites to the acquisition of citizenship." *Fedorenko*, 449 U.S. at 506.  If an individual fails to comply with any of the required conditions, any resulting certificate of citizenship is rendered "illegally procured," and the unlawfully procured naturalization may be set aside.  *Id.*  *See* 8 U.S.C. § 1451(a) (recognizing obligation to institute proceedings to revoke orders admitting persons to citizenship where such orders are "illegally procured or procured by concealment of a material fact or by willful misrepresentation").  If the United States establishes that citizenship was procured illegally or by concealment of a material fact, the Court has no discretion to excuse the conduct and must enter a judgment of denaturalization. *Fedorenko*, 449 U.S. at 517.

The Government contends that Defendant has not satisfied the Congressional prerequisites for citizenship.  Specifically, the Government claims that Defendant cannot establish that he "h[ad] been and still [was] person of good moral character" during the five years immediately preceding the filing of his Application.  *See* 8 U.S.C. § 1427(a) (setting forth requirements for citizenship, including that the applicant demonstrate that he "has been and still is a person of good moral character" for the five years preceding the filing of his naturalization application and continuing through the time of admission to citizenship).  According to the Government, Defendant cannot make this showing because (A) he committed crimes involving moral turpitude during the five-year period preceding the filing of his Application (the "Statutory Period") (Count 1), and (B) he

committed two or more offenses for which the aggregate sentences exceeded five years of imprisonment (Count IV).  Dkt. No. 6 at 10-15.[4]  The Government need only satisfy its burden with respect to one of these Counts to obtain the requested relief.

### A. Crimes Involving Moral Turpitude

In Count I of the Complaint, the Government alleges that Defendant's naturalization was illegally procured because Defendant committed a crime involving moral turpitude during the Statutory Period preceding his Application.  An individual who is "convicted of, or who admits to having committed, or who admits to committing acts that constitute the essential elements of" a crime involving moral turpitude cannot be regarded as or held to be a person of good moral character.  8 U.S.C. § 1182(a)(2)(A)(i).  *See* 8 U.S.C. § 1101(f) (providing that "no person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established is, or was" a member of the class of persons described in 8 U.S.C. § 1182(a)(2)).  "Moral turpitude refers to conduct which is inherently base, vile, or depraved, contrary to the accepted rules of morality and the duties owed between man and man, either one's fellow man or society in general."  *Wittgenstein v. INS*, 124 F.3d 1244, 1246 (10th Cir.1997) (internal quotation marks omitted).

To determine whether a crime is one that involves moral turpitude, this Court first looks at the legal elements of the offense.  *Rodriguez-Heredia v. Holder*, 639 F.3d 1264, 1267 (10th Cir. 2011).  "If every possible conviction under the statute [at issue] requires moral turpitude, then the conviction it is deemed a 'categorical' crime involving moral turpitude.  If, by contrast, the statute encompasses and criminalizes conduct that may not be morally turpitudinous, courts will

---

[4]  The Complaint sets forth additional grounds for relief that were not raised in the Government's Motion.  *See* Dkt. No. 2 at 11-14, 17-18.

sometimes apply a 'modified categorical approach' to reach the specific nature of the convicted offense." *United States v. Valencia*, No. 2:22-CV-00238-RJS-DBP, 2022 WL 17851984, at *4 (D. Utah Dec. 22, 2022) (footnotes omitted).

The record unequivocally demonstrates that Defendant was convicted of a categorical crime of moral turpitude. Defendant was charged with, pleaded guilty to, and was found guilty of four counts of child sexual abuse in violation of Title 21, Section 843.5(E) of the Oklahoma Statutes ("Section 843.5(E)"). *See* Dkt. No. 2 at 45-49, 52. Child sexual abuse is defined as "the willful or malicious sexual abuse of a child under eighteen (18) years of age by a person responsible for a child's health, safety or welfare," including but not limited to sexual intercourse, penetration by an inanimate object or any part of the human body, sodomy, incest, or lewd acts or proposals. 21 Okla. Stat. § 843.5(O)(3).

The conduct prohibited by Section 843.5(E) is "inherently base, vile, [and] depraved, contrary to the accepted rules of morality and the duties owed" by individuals to one another and to society in general. *Wittgenstein*, 124 F.3d at 1246 (citation and quotation marks omitted). *See Efagene v. Holder*, 642 F.3d 918, 922 (10th Cir. 2011) (recognizing that, as "noted by the BIA, the crimes of statutory rape, child abuse, and spousal abuse are considered crimes involving moral turpitude").[5] This Court can envision no violation of Section 843.5(E) that would not be "repugnant to the moral instincts of a decent people." *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 244 (2002) (recognizing that "[t]he sexual abuse of a child is a most serious crime and an act repugnant to the moral instincts of a decent people"). Accordingly, the Court holds that a violation

---

[5] *See also United States v. Gkanios*, 536 F. App'x 854, 857 (11th Cir. 2013) (affirming grant of the government's motion for summary judgment where the defendant, who was found guilty of raping and sodomizing his underage step-daughter, did not, and could not, contest that his actions reflected poorly on his moral character).

of Section 843.5(E) constitutes a crime of moral turpitude for purposes of 8 U.S.C. § 1182(a)(2)(A)(i).[6]

Defendant's plea and conviction render his naturalization illegally procured.  Based on the June 2012 filing date of his Application, Defendant was required to demonstrate that he was a person of good moral character from June 2007 through June 2012.  *See* 8 U.S.C. § 1427(a).  The undisputed pleadings and uncontested documents—including Defendant's guilty plea and his adjudication of guilt—clearly, unequivocally, and convincingly establish that Defendant engaged in the sexual abuse of a minor during that period.  Dkt. No. 6 at 47-52.[7]  Such conduct precludes Defendant from establishing he was a "person of good moral character" during the Statutory Period, and conclusively establishes that Defendant's naturalization was illegally procured.  8 U.S.C. § 1427(a); 8 U.S.C. § 1451(a); *Fedorenko*, 449 U.S. at 505-06.  The Government has satisfied its heavy burden of proof, and has demonstrated that it is entitled to judgment as a matter of law with respect to Count I.

---

[6] The Court would reach the same conclusion under a modified categorical approach, which considers the specific nature of the offense of conviction.  Defendant's acknowledged sexual abuse of a child "do[es] not present a close case. [Defendant's] acts were deeply 'base, vile [and] or depraved' and soundly qualify as morally turpitudinous." *Valencia*, 2022 WL 17851984, at *5 (quoting *Wittgenstein*, 124 F.3d at 1246).

[7] The fact that Defendant was not convicted until after his Application was approved is immaterial. *See United States v. Suarez*, 664 F.3d 655, 661 (7th Cir. 2011) (recognizing that "conviction during the statutory period is not necessary for a finding that an applicant lacks good moral character," so long as "the offense was 'committed' during that time").

### B. Multiple Criminal Convictions

In Count IV of the Complaint, the Government alleges that Defendant's certificate of naturalization should be set aside because Defendant committed crimes during the Statutory Period for which he received multiple criminal convictions and for which the aggregate sentences of confinement are five years or more. 8 U.S.C. § 1101(f)(3) (providing that a person shall not be regarded as a person of good moral character if he falls within a category set forth in 8 U.S.C. § 1182(a)(2)(B) during the period for which good moral character is required); 8 U.S.C. § 1182(a)(2)(B) (applying to any alien convicted of two or more offenses, whether or not arising from a single scheme of misconduct, "for which the aggregate sentences to confinement were 5 years or more"). *See Valencia*, 2022 WL 17851984, at *6 (recognizing that an "applicant can still be statutorily barred from the privilege of naturalized U.S. citizenship if he is convicted of 2 or more offenses . . . for which the aggregate sentences to confinement were 5 years or more" (citations and quotation marks omitted)).

Defendant pleaded guilty to four counts of child sexual abuse and was sentenced to a term of imprisonment of twenty-five years, of which twenty years were to be served in custody. Dkt. No. 2 at 52. As a result, Defendant falls squarely within the scope of 8 U.S.C. § 1182(a)(2)(B). *See Valencia*, 2022 WL 17851984, at *2, *6 (concluding that the applicant was barred from the privilege of citizenship as a result of his plea of guilty to attempted rape and attempted forcible sodomy, for which he as sentenced to two consecutive fifteen-year sentences). It is undisputed that the offenses of conviction were committed during the Statutory Period preceding the filing of Defendant's Application. Dkt. No. 2 at 47-52. Defendant is therefore statutorily barred from establishing he was a "person of good moral character" during the Statutory Period, and the record conclusively establishes that Defendant's naturalization was illegally procured. 8 U.S.C. §§

1101(f)(3), 1182(a)(2)(B), 1427(a), & 1451(a). *Fedorenko*, 449 U.S. at 505. The Government has satisfied its heavy burden with respect to Count IV and has demonstrated it is entitled to judgment as a matter of law on that Count. *Fedorenko*, 449 U.S. at 505-06.

## CONCLUSION

Based on the forgoing, the Court holds that the Government has carried its burden of demonstrating that Defendant's naturalization was illegally procured as a result of Defendant's concealment of crimes involving moral turpitude during the five-year period preceding the filing of his Application, as well as his concealment of two or more criminal offenses for which the aggregate sentence of imprisonment exceeds five years of imprisonment. Accordingly, the Government is entitled to judgment on the pleadings on Counts I and IV.

IT IS THEREFORE ORDERED that the Government's Motion for Judgment on the Pleadings [Dkt. No. 6] is GRANTED.

IT IS FURTHER ORDERED that the naturalization order admitting Defendant to U.S. citizenship is revoked and set aside. Certificate of Naturalization No. 34833622 is hereby canceled, effective as of the original date of the order and certificate—January 9, 2013. Defendant is forever restrained and enjoined from claiming any rights, privileges, or advantages under any document which evidences U.S. citizenship obtained as a result of his January 9, 2013 naturalization.

IT IS FURTHER ORDERED that Defendant surrender and deliver Certificate of Naturalization No. 34833622 and any copies in his possession to the Attorney General or his designated representative within ten (10) days of this Order. Defendant shall make good faith efforts to recover and immediately surrender any copies thereof that he knows are in the possession of others.

IT IS FURTHER ORDERED that Defendant surrender and deliver any other indicia of U.S. citizenship (including, but not limited to, U.S. passports, voter registration cards, and other relevant documents, whether current or expired), and any copies thereof in his possession—and to make good faith efforts to recover and then surrender any copies thereof that he knows are in the possession of others—to the Attorney General or to his designated representative within ten (10) days of this Order.

Dated this 23rd day of January 2024.

                                                  JOHN F. HEIL, III
                                                UNITED STATES DISTRICT JUDGE